**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4386**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

WILLIAM WALTER SPRUILL, a/k/a Pooh Pot,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.   Malcolm J. Howard, Senior District Judge.  (2:11-cr-00033-H-1)

Submitted:  December 20, 2012      Decided:  December 26, 2012

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Walter Spruill appeals his eighty-seven month sentence imposed after he pled guilty to one count each of: conspiracy to distribute and possess with intent to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006); possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006); possession with intent to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006); and possession of a firearm after being convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9), 924 (2006). Spruill's sole argument on appeal is that his sentence is substantively unreasonable. Finding no error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 160-61 (4th Cir. 2008). If, and only if, this court finds the sentence procedurally reasonable can the court consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

2

Spruill raises no challenge to the procedural reasonableness of his sentence. We thus presume that the eighty-seven month sentence, which was at the bottom of Spruill's Guidelines range, is reasonable. See United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010) ("[W]e may and do treat on appeal a district court's decision to impose a sentence within the Guidelines range as presumptively reasonable."). Although Spruill asserts that he should have been sentenced below his Guidelines range, we conclude that the district court properly exercised its discretion to reject Spruill's arguments in mitigation. See Evans, 526 F.3d at 162 (recognizing that deference to a district court's sentence is required because the "sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case").

Because Spruill has failed to rebut the presumption this court affords his within-Guidelines sentence, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3